IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLORIA JOHNSON                      :
                                    :
                                    :
     v.                             :    Civil Action No. DKC 09-3171
                                    :
MV TRANSPORTATION INC.              :
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this defamation case is a motion to dismiss (Paper 12). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion to dismiss will be granted.

**I. Background**

This case concerns the manner in which Defendant MV Transportation Inc. discharged employee Plaintiff Gloria Johnson. Plaintiff began working for Defendant as a driver on or about July 5, 2006. (Complaint, Paper 2 ¶ 4). She completed two weeks of driver training and education programs and was supposed to take a final exam. Plaintiff reports that, on or about July 18, 2006,[1] she was called into the management office where she met with a woman who identified herself as the "time

---

[1] Plaintiff has the date listed at July 18, 2007 but the court assumes this is a mistake as all other dates listed are 2006.

keeper." (*Id*. at ¶ 7). The woman told Plaintiff that she had completed "a background check" on Plaintiff and Plaintiff had "a lot of charges" so she was being discharged. (*Id*. at ¶ 8). Plaintiff was "shocked" by the allegation, and insisted that there had been a mistake – that she had "NEVER been arrested." (*Id.* at ¶ 9). Plaintiff asked to talk to the administrator. The woman informed Plaintiff that she could take her final exam, but Plaintiff chose to leave. (*Id.* at ¶ 10). Plaintiff requested a copy of any report or paper that supported the woman's allegations, but was not given anything at that time.

Around two weeks later, Plaintiff returned to the office and again asked to receive a copy or any report that contained charges against her. (Paper 2 ¶ 15). An administrator who was present told Plaintiff that "[someone] said" that Plaintiff had a record that included assault charges from 2000. (*Id*. at ¶ 16). The administrator informed Plaintiff that she was not required to give Plaintiff any paperwork. Plaintiff left, but returned around July 31, 2006 and demanded to know who had performed the background investigation. (*Id*. at ¶ 21). An unidentified employee of Defendant's told Plaintiff to go home and that the documentation would be mailed to her. (*Id*. at ¶ 22). Plaintiff says that she never received any documents from

Defendant and that she has never been arrested or charged with a crime. (*Id.* at ¶¶ 23-25).

Plaintiff filed a complaint in the Circuit Court for Prince George's County in July of 2007. The complaint was removed to this court on November 30, 2009 by Defendant. (Paper 1). The complaint alleges three causes of action: (I) Defamation, (II) Intentional Infliction of Emotional Distress, and (III) Wrongful Termination. (Paper 2). Defendant filed a motion to dismiss on December 21, 2009, and a supplement in support of the motion on February 2, 2010. Plaintiff failed to submit any response to the motion. On March 2, 2010, this court ordered Plaintiff to show cause by March 19, 2010 why the complaint should not be dismissed. Plaintiff responded on March 19, 2010 to the show cause order. (Paper 15). Plaintiff noted in her response that she would submit a full opposition to the motion to dismiss by March 22, 2010, and asserted only cursory arguments for the court. To date, Plaintiff has failed to file a full response.

**II. Motion to Dismiss**

Defendant's motion, pursuant to Fed.R.Civ.P. 12(b)(6), argues that Plaintiff's defamation claim is time-barred; that she fails to identify how her termination of employment violated a clear mandate of public policy; and that she fails to plead adequate facts to sustain a claim of intentional infliction of

3

emotional distress ("IIED"). Defendant also asserts that the entire action should be dismissed due to Plaintiff's failure to prosecute in state court.

**A. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in

4

the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

    **B.   Analysis**

Defendant argues that Plaintiff's first cause of action, for defamation, is time-barred, substantively deficient and must be dismissed. (Paper 12, at 9). A motion to dismiss pursuant to 12(b)(6) does not generally permit an analysis of potential

defenses defendants may have to the asserted claims. However, dismissal may be appropriate when a meritorious affirmative defense is clear from the face of the complaint. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996)(citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 250 (4th Cir. 1993); 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 352 (1990)("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate.)).

In Maryland, defamation claims are subject to a one year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-105 ("An action for assault, libel, or slander shall be filed within one year from the date it accrues."). A cause of action for defamation generally accrues upon the publication of the defamatory material. *Shepard v. Nabb*, 84 Md.App. 687, 696 (1990); *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, 566 F.Supp.2d 460, 465 (D.Md. 2008). Plaintiff claims that she was defamed by Defendant on July 18, 2006. She filed her original complaint over a year later, on July 27, 2007.[2] Thus, Plaintiff's claim is time-barred.

---

[2] In her complaint, Plaintiff does note that she returned to the office on July 31, 2006 to discuss the situation and to

Defendant moves to dismiss Plaintiff's IIED claim because, it asserts, she has not pled any "specific facts which would demonstrate that Defendant's alleged actions constitute extreme and outrageous conduct or that her alleged distress was sufficiently severe." (Paper 12, at 5-6).

To recover for IIED, Plaintiff must show that Defendant's conduct was (1) intentional or reckless, (2) extreme and outrageous, (3) causally connected to Plaintiff's emotional distress, and (4) the distress caused was severe. *Baltimore-Clark v. Kinko's Inc.*, 270 F.Supp.2d 695, 701 (2003)(citing *Harris v. Jones*, 281 Md. 560, 566 (1977)). "Each of these elements must be pled and proved with specificity. It is not enough for a plaintiff merely to allege that they exist; he must set forth facts that, if true, would suffice to demonstrate that

---

demand paperwork. She does not, however, allege that Defendant said anything accusatory at that meeting. Even if the claim were to survive the statute of limitations, it would still not succeed: Plaintiff does not plead any facts that allege that anyone other than herself and her accuser were present when the alleged defamatory remarks were made. Maryland law requires that Plaintiff, as part of establishing a *prima facie* defamation case, establish that a defamatory statement was made to a third party or in the presence of a third party. *Offen v. Brenner*, 402 Md. 191 (2007). Plaintiff cited to *Montgomery Investigative Services, Ltd. V. Horne*, 173 Md.App. 193 (2007), in her response to the order to show cause. The issues resolved in that case concerned the qualified conditional privilege applicable in the context of employer-employee relationships and how it can be overcome. The court does not reach those issues in dismissing Plaintiff's defamation claim.

they exist." *Foor v. Juvenile Servs. Admin.*, 78 Md.App. 151, 175 (1989); *see also Arbabi v. Fred Myers, Inc.*, 205 F.Supp.2d 462, 466 (D.Md. 2002).

Here, Plaintiff's claim for intentional infliction of emotional distress fails because she does not set forth sufficient facts to satisfy the stringent pleading requirements for this tort. *Silkworth v. Ryder Truck Rental, Inc.*, 70 Md.App. 264, 271 (1987)(recognizing that the elements of this tort "are stringent standards, and each must be pled and proved with particularity").

In her attempt to satisfy the pleading requirements of an IIED claim, Plaintiff makes only conclusory remarks to maintain that Defendant's conduct was "intentional or reckless" – no facts are alleged to support this claim. Plaintiff simply maintains that Defendant's "refusal to provide the Plaintiff with any documentary proof of their allegation" "demonstrates actual malice and/or a reckless disregard." Plaintiff also fails to demonstrate that Defendant's conduct was "extreme or outrageous." Plaintiff has alleged that Defendant confronted her about assault charges in her past and then discharged her. These actions are not sufficient to meet the high threshold for IIED required by law. "For conduct to be 'extreme and outrageous,' it must be 'go beyond all possible bounds of

8

decency, and ... be regarded as atrocious, and utterly intolerable in a civilized community.'" *Kohler v. Shenasky*, 914 F.Supp. 1206, 1212 (D.Md. 1995)(citing *Harris v. Jones*, 281 Md. 560, 567 (1977). Nothing in Plaintiff's complaint could be construed to show that Defendant's actions "go beyond all possible bounds of decency." Plaintiff's IIED cause of action will be dismissed.

Finally, Defendant moves to dismiss Plaintiff's wrongful discharge claim, arguing that she does not identify a clear mandate of public policy that Defendant violated in terminating her employment, as mandated by Maryland law. (Paper 12, at 4). Plaintiff's cause of action for wrongful discharge fails because she does not fit into Maryland's public policy exceptions to the general rules of at-will employment.

It is well established under Maryland law that "at-will employment can be legally terminated at the pleasure of either party at any time." *Makovi v. Sherwin-Williams, Co.*, 316 Md. 603, 609 (1989)(citation and internal marks omitted). The Court of Appeals of Maryland created a clear exception to this rule, however, in *Adler v. American Standard Corp.*, 291 Md. 31, 39-41 (1981), for abusive (or wrongful) discharge. The tort of abusive discharge occurs when an employer's discharge of an at-

will employee "contravenes some clear mandate of public policy." *Id*. at 47.

To state a claim for abusive discharge, an employee must allege: (1) she was discharged, (2) her discharge violated a clear mandate of public policy, and (3) there is a nexus between the employee's conduct and the employer's decision to fire the employee. *See King v. Marriott Int'l Inc.*, 160 Md.App. 689, 700 (2005). Maryland courts generally have found a "clear mandate of public policy" only where an employee has been discharged for: (1) refusing to violate the law, (2) attempting to exercise a statutory duty, right, or privilege, or (3) performing an important public function. *Makovi*, 316 Md. at 610.

In her complaint, Plaintiff alleges only that she was terminated "in bad faith, and without good cause and for an improper purpose." (Paper 2 ¶ 9). She does not articulate any facts in her complaint that would place her claim within any of the three areas in which Maryland courts have found a clear mandate of public policy. Therefore, her claim does not fit into the public policy exception to at-will employment and her discharge was not illegal.

**III. Conclusion**

For the aforementioned reasons, Defendant's motion to dismiss will be granted and it is not necessary to address Defendant's laches argument. A separate Order will follow.

___/s/___
DEBORAH K. CHASANOW
United States District Judge
